IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW ARNOLD, on behalf of himself and similarly situated employees, | CIVIL ACTION<br><br>No. |
| Plaintiffs, | |
| v. | |
| LUMBERJAXES, LLC, LUMBERJAXES SH, LLC, EAST AXE, LLC d/b/a LUMBERJAXES MONROEVILLE, CRANBERRY AXE, LLC d/b/a LUMBERJAXES CRANBERRY | |

## COMPLAINT

NOW COMES Plaintiff, Andrew Arnold, by and through his undersigned attorneys, individually and on behalf of all persons similarly situated, for his Collective Action Complaint against Defendants Lumberjaxes, LLC, Lumberjaxes SH, LLC, East Axe, LLC d/b/a Lumberjaxes Monroeville, Cranberry Axe, LLC d/b/a Lumberjaxes Cranberry (collectively, "Defendants"), states as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201 *et seq*.

2. This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

3. Defendants' annual sales exceed $500,000 and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis. Defendants' employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

4. Venue is proper in the District pursuant to 29 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

5. Plaintiff, Andrew Arnold, is a resident of Lawrence County, Pennsylvania and formerly worked for Defendants as an axe throwing coach. Plaintiff Arnold Consent to Join form is attached hereto as **Exhibit A.**

6. Defendant Lumberjaxes LLC is a Pennsylvania corporation with a place of incorporation at 1012 Lindburg Street, Homestead, PA 15120 in Allegheny County.

7. Defendant Lumberjaxes SH, LLC is a Pennsylvania corporation with a place of incorporation at 1012 Lindburg Street, Homestead, PA 15120 in Allegheny County.

8. East Axe, LLC d/b/a Lumberjaxes Moneroeville is a Pennsylvania corporation with a place of incorporation at 1012 Lindburg Street, Homestead, PA 15120 in Allegheny County.

9. Cranberry Axe, LLC d/b/a Lumberjaxes Cranberry is a Pennsylvania corporation with a place of incorporation at 1012 Lindburg Street, Homestead, PA 15120 in Allegheny County.

## CLASS DEFINITIONS

10. Plaintiff brings this lawsuit pursuant to 29 U.S.C. 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

*All individuals who are current or former axe-throwing coaches of Defendants who worked for Defendants in the last three (3) years.*

11. Plaintiffs reserve the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

12. Defendants are Pennsylvania corporations that own and operate competitive axe throwing venues.

13. Defendants have a total of four venues in Pennsylvania.

14. Defendants' Pennsylvania locations are located at:

    a. 20111 US-19, Room 302B, Cranberry Twp, PA 16066;

    b. 2 Sedgwick St. Pittsburgh, PA 15209;

    c. 5030-D William Penn Hwy, Monroeville, PA 15146; and

    d. 1689 McFarland Rd. Pittsburgh, PA 15216.

15. Plaintiffs and all other similarly situated individuals were, or are, employed by Defendants as axe-throwing coaches.

16. In order to provide services to customers, Defendants have employed dozens of axe-throwing coaches during the past three years.

17. Plaintiff Arnold began working for Defendants on or about September 15, 2019 as an axe throwing coach and was to earn a regular rate of $10.00 per hour during the course of his employment with Defendants plus tips.

18. Plaintiff Arnold last day of work was on or about February 11, 2020.

19. Plaintiff Arnold's duties included interacting with customers including answering any questions they may have, educating customers about the facilities, handled payment,

coached individual or groups in axe throwing, cleaning and changing boards, painting and cutting boards, and cleaning the facility.

20. Plaintiff Arnold observed other members of the Class performing the same or similar job duties.

21. Plaintiff Arnold typically received tips from customers.

22. On or about December 17, 2019, Defendants instituted a policy where 10% of axe throwing coaches credit card tips would go to the manager on duty.  *See* **Exhibit B.**

23. From that point forward, 10% of all tips were deducted from axe throwing coaches and given to the manager on duty.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class as defined above.

25. Plaintiff's desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

26. Plaintiffs and the FLSA Class are similarly situated as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to Defendants' previously described common business practices and, as a result, were not paid their full tips.

27. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, as allowed to opt into it pursuant to 29 U.S.C. § 216(B) for the purpose of collectively

adjudicating their claims for withheld tips, liquidated damages, interest, and attorney's fees and costs under the FLSA

## CLASS ACTION ALLEGATIONS

28. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class described above.

29. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable.

30. Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class.  Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases, like this one.

31. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affective on individual Class members, including whether Defendants violated and continue to violate Pennsylvania law through its policy or practice of not paying proper wages to its employees.

32. Plaintiffs' claims are typical of the claims of the Pennsylvania Class in the following ways: 1) Plaintiff is a member of the Pennsylvania Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; 3) Plaintiff's Claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances.; 4) there are no conflicts between the interests of the Plaintiff and the Pennsylvania Class

members; and 5) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class members.

33. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

34. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication or effort and expense that numerous individual actions would entail.

35. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendants employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to the individual Class members that would establish incompatible standards of conduct for Defendants

36. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. The amounts at stake for the Defendants' employees, while significant, are not great enough to maintain separate suits against Defendants.

37. Without a class action, Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this case as a class action.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

38. All previous paragraphs are incorporated as though fully set forth herein.

39. At all times relevant to this Complaint, Defendants were joint "employers" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.2.

40. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

41. Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

42. Plaintiffs and the proposed Collective members are not exempt from the applicable provisions of the FLSA.

43. At all times relevant to this Complaint, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

44. An Amendment to the Fair Labor Standards act in the omnibus budget bill, "Consolidated Appropriations Act, 2018," passed by Congress and signed into law on March 23, 2018, provides that an employer, "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

45. Defendants violated the FLSA by mandating 10% of Plaintiffs' tips be deducted from all axe-throwing coaches and given to the manager on duty.

46. Defendants' violations of the FLSA were willful, with knowledge or reckless disregard of the prohibition against allowing managers or supervisors to keep any portion of the employees' tips.

47. As a result of the foregoing, Plaintiffs were injured and seek appropriate relief against Defendants including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate in the circumstances.

## COUNT II
## VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. §333.103, *et seq*

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The Pennsylvania Minimum Wage Act of 1968 requires that all tips received by employees are retained by the employee and shall not be surrendered to the employer to be used as wages to satisfy the requirement to pay the current hourly minimum rate in effect; where the gratuity is added to the charge made by the establishment, either by the management, or by the customer, the gratuity shall become the property of the employee.

50. This rule does not prohibit the pooling of tips among employees who customarily and regularly receive tips.

51. As described above Plaintiff and Pennsylvania Class were subject to Defendants' practice of taking 10% of all tips to give to managers who are not customarily and regularly employees who receive tips.

52. Defendants violated the PMWA by mandating 10% of Plaintiffs' tips be deducted from all axe-throwing coaches and given to the manager on duty.

53. In violating the PMWA, Defendants acted willfully and with reckless disregard of the applicable provisions to the detriment of Plaintiff and the Class.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Arnold, on behalf of himself and all others similarly situated, requests an order for relief as follows:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order compelling Defendant to provide a full list of all current and former employees for the last three (3) years.

C. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Class members;

D. An order permitting this litigation to proceed as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of the Pennsylvania Class;

E. Back pay damages to include the tips illegally retained from employees and prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the law;

G. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

H. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Arnold, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of

Civil Procedure and the court rules and statutes made and provided with respect to the above entitled case.

Date:   March 23, 2020                                Respectfully Submitted,

*/s/ Kenneth J Hardin II*
Kenneth J. Hardin II, Esq.
**HARDIN THOMPSON, P.C.**
The Frick Building
437 Grant Street
Suite 620
Pittsburgh, PA 15219
412-315-7195
kenhardin@hardinlawpc.net